Dear Mr. Labat:
This office is in receipt of your request for an opinion of the Attorney General in regard to a hiring freeze. You indicate in light of budget concerns and whether funds are available for future hiring, discussion ensued at a Parish Council meeting as to the authority of the Council to implement a temporary hiring freeze on all employees of the Parish Government, excluding the Public Works Department and those under Civil Service. While the Parish Attorney has said that the Council does not possess that authority, the Council members have expressed their opinion that Section 4-13(C) of the Parish Charter grants the governing body that right. You seek an opinion of this office on this issue.
Section 4-13, Administrative Reorganization, Section (C) provides as follows:
 The Council may, by ordinance, propose the creation, change, alteration, consolidation, or abolition of Parish departments, offices and agencies, and/or the reallocation of the functions, powers, duties and responsibilities of such department or agencies, including those provided for in this charter. Such ordinance shall be subject to the veto authority of the President.
We do not find that the above quoted provision allows the Council to establish a hiring freeze but conclude it allows basically for creation, change or abolition of departments but not individuals.
A reading of the Charter indicates in Section 3-01, Executive Authority, that the President shall be the Chief Executive Officer and "shall exercise general executive and administrative authority over all departments * * *", and in Section 3-09 that the Parish President shall "appoint and suspend or remove for just cause all Parish Government employees", and he "may authorize any administrative officer who is subject to the President's direction and supervision to exercise these powers with respect to subordinates in the officer's department, office or agency."
However, we further note pursuant to Section 1-06 the Parish Government is given the power to pass all ordinances necessary to promote, protect and preserve the good order of the Parish, including "the right, power and authority to pass ordinances on all subject matters necessary, requisite or proper for the management of Parish affairs".
In Atty. Gen. Op. 97-133, with the recognition that the question therein was in regard to a parish administration under a home rule charter, reliance was placed upon Atty. Gen. Op. 87-477 wherein this office had been presented with a question concerning a certain ordinance by the board of aldermen in a Lawrason Act community. Therein the Mayor was designated the chief executive officer, and the legislative powers vested in the board of aldermen to enact ordinances to provide policies and procedures regulating employment of municipal employees. It was concluded while the Mayor had the authority to appoint and remove municipal employees; the board of aldermen had the authority, as the legislative body, to provide policies and procedures regulating the employment of municipal employees, including the hiring and firing. It was stated, "This granted authority can, if necessary, include the authority to limit or determine the number of municipal employees."
This office then stated inasmuch as the President's "Powers and Duties" provide he "shall be responsible for carrying out the policies adopted by the Parish Council and for the administration, direction and supervision of all Parish departments," it was reasoned "this obligates him to follow the policy by recognizing a hiring freeze in accordance with the council's resolution." It was concluded as follows:
 Accordingly, we find that the imposition of a hiring freeze through a resolution is an appropriate act of the council, and does not infringe upon the powers and duties of the President who is mandated to carry out the policies of the Parish council.
We would follow the logic of these prior opinions and find that the Council, having the authority to pass any ordinance necessary to preserve the good order of the Parish, and "proper for the management of Parish affairs", may pass an ordinance implementing a temporary hiring freeze.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:_____________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: August 29, 2003